**UNITED STATES of America,**
**Plaintiff,**

**v.**

**PIMA COUNTY COMMUNITY**
**COLLEGE DISTRICT et al.,**
**Defendants.**

**No. CIV 75–280–TUC–WCF.**

United States District Court,
D. Arizona.

March 22, 1976.

William C. Smitherman, U.S. Atty., Tucson, Ariz., J. Stanley Pottinger, Asst. Atty. Gen., Thomas M. Keeling, Daniel Bell, II, Steven H. Gurwin, Attys., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Charles L. Chester, Law Offices of Ryley, Carlock & Ralston, Phoenix, Ariz., Ronald J. Stolkin, Stolkin, Weiss & Tandy, Robert O. Lesher, Lesher, Kimble, Rucker & Lindamood P. C., Tucson, Ariz., for defendants.

## ORDER

FREY, District Judge.

On December 19, 1975, the Attorney General filed suit on behalf of the United States against the defendant College District, the District's Governing Board, and certain administrators of the District. The complaint alleges that the actions of the defendants ". . . constitute a pattern and practice of resistance to the full enjoyment of the rights, secured by Title VII, not to be discriminated against in retaliation for exercising or attempting to exercise rights protected by Title VII".

The complaint further alleges that the Court has jurisdiction on the basis of Title 42, United States Code, Section 2000e–6(b) which authorizes so-called pattern and practice suits and Title 28, United States Code, Section 1345 which is the general jurisdictional grant to the district courts to entertain actions specifically authorized by statute.

The defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted on the grounds that the plaintiff lacks standing to bring this action under Title 42, United States Code, Section 2000e–6. The sole issue before this Court appears to be one of first impression: Does Title 42, United States Code, Section 2000e–6 presently authorize the Attorney General to bring a pattern and practice suit against a government, government agency or political subdivision such as the College District?

The statute is unequivocal. Since March 24, 1974, the sole federal agency authorized to bring a pattern and practice suit against an employer, either private or public, is the Equal Employment Opportunity Commission. "Effective two years after March 24, 1972, the functions of the Attorney General *under this section* shall be transferred to the Commission, together with such personnel, property, records and unexpended balances of appropriations. . . ." Title 42, United States Code, Section 2000e–6(c). (Emphasis added) The "function" of the Attorney General under Section 2000e–6 was to bring pattern and practice suits. Subsection (c) clearly relieves the Attorney General of that authority and vests it in the Commission. Subsection (c) refers exclusively to that section and does not in any manner alter the enforcement scheme set out in the remainder of Title VII where the Attorney General is given authority to act.

Subsection (c) was added to Title VII by the Equal Employment Opportunity Act of 1972. The language of subsection (c) was essentially unchanged from the time it was first proposed in Senate Bill 2515 until the Act was finally adopted by the House and Senate. *See* SENATE SUBCOMMITTEE ON LABOR, COMMITTEE ON LABOR AND PUBLIC WELFARE, *Legislative History of the Equal Employment Opportunity Act of 1972* (1972). The vesting of all pattern and practice suit authority in the Commission is not contradicted by any other provisions of Title VII. Title 42, United States Code, Section 2000e–5 provides that where the Commission has been unable to reach a conciliation agreement with a respondent, after an individual has filed an employment discrimination

charge, then the Commission shall, in the case of a public sector respondent, refer the case to the Attorney General for the prosecution of a civil action on behalf of that individual. Authority for the Attorney General to act on his own initiative, such as claimed in this suit, is lacking. Title 42, United States Code, Section 2000e–6 authorizes suit where not a single charge of discrimination has been brought but, rather, where a pattern or practice in employment policy by an employer is alleged. An action brought pursuant to Section 2000e–6 is thus broader in scope. The Committee Report of both Houses of Congress, on various versions of the bill finally enacted, expressed the intent to centralize the handling of pattern and practice suits in a single agency for enforcement—the Commission. H.R.Rep.No. 238, 92nd Cong., 1st Sess. 13–14 (1971); S.Rep.No. 415, 92 Cong., 1st Sess. 28–29 (1971); U.S.Code Cong. & Admin.News 1972, p. 2137. The Attorney General, in an attempt to create ambiguity or conflict where none exists, would have the Court rely on the remarks of several legislators made in floor debate. Such reliance is questionable in any case, e.g., see *Schwegmann Bros. v. Calvert Distillers,* 341 U.S. 384, 395, 71 S.Ct. 745, 751, 95 L.Ed. 1035, 1048 (concurring opinion of Justice Jackson), and here would surely be misplaced in the light of the express language of Section 2000e–6 as enacted and the committee reports which preceded its enactment.

■ Subsection (e) of Title 42, United States Code, Section 2000e–6 provides:

"Subsequent to March 24, 1972, the Commission shall have authority to investigate and act on a charge of a pattern or practice of discrimination, whether filed by or on behalf of a person claiming to be aggrieved or by a member of the Commission. All such action shall be conducted in accordance with the procedures set forth in section 2000e–5 of this title."

The Attorney General argues that this means he should file pattern and practice suits against public sector employers because Section 2000e–5 provides for that division of authority. This argument is not well taken. Procedure is the "judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them". *Hanna v. Plumer,* 380 U.S. 460, 464, 85 S.Ct. 1136, 1140, 14 L.Ed.2d 8, 13 (1965), quoting, *Sibbach v. Wilson & Co.,* 312 U.S. 1, 14, 61 S.Ct. 422, 426, 85 L.Ed. 479, 485 (1941). A statutory grant of authority which gives a federal agency the right to file suits is not a "procedure". Rather it vests a right in that agency. The reference to procedures in subsection (e) cannot rationally be interpreted to alter the plain grant of authority set out in subsection (c).

■ Title VII has patterned two different schemes of enforcement. Where the United States seeks to bring suit based upon an individual's employment discrimination complaint, then the Commission can bring such an action where the employer is in the *private sector.* The responsibility rests with the Attorney General when the employer is in the *public sector.* However, when a *pattern or practice* of employment discrimination is alleged, then Congress has clearly expressed its direction that only one agency, the Commission, bring such an action either in the private sector or the public sector. The reason appears clear from a reading of the amendment and its history that it was designed to eliminate duplication of effort, the over-lapping of authority and to standardize procedures. A common sense reading and application of the various sections of the Act as it now stands, indicates effectiveness of such design. The Attorney General is not authorized to bring a pattern and practice suit as was done in this case, authority to do so was revoked by the passage of the 1972 amendment. Therefore,

IT IS ORDERED that the defendants' motion to dismiss, is granted. The complaint in this action is hereby dismissed.

IT IS FURTHER ORDERED that the Clerk of this Court forthwith mail a copy of this Order to all counsel of record.